## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | **MARTIN LUTHER KING COURTHOUSE**<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

November 19, 2009

Matthew Connahan, Esq.
Maloof, Lebowitz, Connahan & Oleske, PC
127 Main Street (Route 124)
Chatham, New Jersey 07928

Victoria Pekerman, Esq.
Shapiro & Croland, PC
Continental Plaza II
411 Hackensack Avenue
Hackensack, New Jersey 07601

Eric Berg, Esq.
Riker Danzig Scherer Hyland Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962

Tobin Butler, Esq.
Litchfield Cavo LLP
1800 Chapel Avenue West, Suite 360
Cherry Hill, NJ 08002

### REPORT & RECOMMENDATION

Re:   State National Insurance Company, Inc. v. County of Bergen, et al.
      Civil Action No. 08-1933 (SDW)

Dear Counsel:

Before the Court is the motion for abstention and remand (Docket Entry No. 69) of Defendants/Third-Party Plaintiffs County of Bergen, Frank DeBari, Ralph Kornfeld, William Van Dyke, Wolfgang Albrecht, Pat Shuber, Timothy Dacey, George Van Heist, and Todd Cochran (sometimes collectively "County Defendants"). District Judge Wigenton referred the County Defendants' motion to me for Report and Recommendation.

This Court held oral argument on October 9, 2009, and the Court reserved ruling from the bench. This written opinion supplements the transcript of the October 9, 2009, hearing, pursuant to LOCAL CIVIL RULE 52.1. Having considered the parties' submissions, for good cause shown, and for the reasons set forth on the record and herein, this Court recommends that the motion to remand be **DENIED**, that the Second Amended Complaint be **DISMISSED** sua sponte for lack of subject matter jurisdiction, and, alternatively, that the motion for abstention be **GRANTED**.

**I.      BACKGROUND**

This declaratory judgment insurance coverage action arises out of a sexual harassment lawsuit that Dale Karen Brown ("Brown"), a former employee of the County of Bergen, filed in state court. Brown alleged, among other things, that, during her employment with the County of Bergen, she was subjected to sexual harassment and discrimination. According to Brown's Second Amended Complaint, the alleged wrongful conduct began in 1992 and continued thereafter. Brown alleged that in 2003 or 2004 she complained about the wrongful conduct to the County Defendants, but that they failed to take remedial action in response thereto. The County Defendants contend that some or all of the alleged wrongful acts are covered by insurance policies issues by Plaintiff, State National Insurance Company ("State National") and co-Defendant, North River Insurance Company ("North River").[1]

On April 18, 2008, State National brought this declaratory judgment action pursuant to 28 U.S.C. § 2201 et seq., based on diversity jurisdiction, seeking a declaration that it has no coverage obligation for the Brown lawsuit, and alternatively, a declaration of State National's and North River's coverage obligations for the Brown lawsuit. (State National Compl., Count I). On May 15, 2008, North River filed an Answer, denying that it owed any coverage for the Brown lawsuit under North River's insurance contract with the County Defendants. (North River Ans., ¶ 76). On June 4, 2008, State National amended the complaint by consent, which did not change the parties or claims. On July 1, 2008, North River filed an Answer thereto.

On August 13, 2008, the County Defendants filed an Answer and asserted cross-claims against North River and counterclaims against State National for declaratory judgment that the County Defendants were owed coverage for the Brown lawsuit under the respective insurance contracts; breach of contract; bad faith/breach of the covenant of good faith and fair dealing; and unjust enrichment. On September 18, 2008, the County Defendants filed an Answer and asserted an additional cross-claim and counterclaim for violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq..

Thereafter, both State National and North River filed motions to dismiss the respective cross-claims and counterclaims asserted against them in lieu of filing answers. However, on April 8, 2009 and April 29, 2009, the Court issued Orders, dismissing the motions without prejudice, pending the parties' participation in mediation. The parties attempted unsuccessfully to resolve the case through mediation.

On July 20, 2009, by consent, State National filed a Second Amended Complaint, which essentially raises the same allegations and seeks the same declaratory relief as its Amended Complaint. Thereafter, State National and North River filed answers, respectively, to the County

---

[1] The County Defendants advised the Court that a settlement was reached in the Brown lawsuit.

Defendants' amended cross-claims and amended counterclaims asserted against them.²

On July 31, 2009, the County Defendants filed the instant motion for abstention by the federal court and to remand the case to state court, which State National opposes. North River takes no position on the motion.

## II.   ANALYSIS

### A. Motion To Remand Based On Realignment Of The Parties

In support of remand, the County Defendants, as New Jersey citizens, urge this Court to realign defendant North River, a New Jersey corporation, as a co-plaintiff with State National, a Texas corporation, based on the similarity of the insurance companies' interests. Such a realignment of the parties would destroy complete diversity and divest this Court of subject matter jurisdiction. As such, the County Defendants ask the Court to remand the declaratory judgment action to state court. State National argues that its interests are diametrically opposed to North River's interests, thus precluding realignment of North River as a co-plaintiff.³

In determining the proper alignment of the parties for jurisdictional purposes, the Third Circuit "has adhered to the 'principal purpose' test enunciated by the Supreme Court in Indianapolis [v. Chase Nat'l Bank, 314 U.S. 63 (1941)]. Employers Insurance of Wausau v. Crown Cork & Seal

---

² On August 24, 2009, the County Defendants filed an Answer to State National's Second Amended Complaint, including its previously amended cross-claims and counterclaims. The County Defendants also filed a Third-Party Complaint against two workers' compensation carriers, Continental Casualty Company ("Continental") and Midwest Employers Casualty Company ("Midwest") asserting similar declaratory judgment and breach of contract claims.

³ As a threshold matter, the Court notes that while the district court has the discretion to remand a case removed from state court, it may not remand an action originally filed in federal court. See Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc., 999 F.2d 745, 751 (3d Cir. 1993); Hessert Construction, L.L.C. v. Garrison Architects, P.C., 2007 WL 2066355, at * 4 n.5 (D.N.J. Jul. 13, 2007). At oral argument, the County Defendants acknowledged that dismissal rather than remand is the proper recourse. As such, this Court will consider whether the Second Amended Complaint should be dismissed based on realigning the parties because it destroys this Court's jurisdiction.

This Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005). Parties cannot waive a lack of subject matter jurisdiction or confer it upon the Court by consent. Brown v. Philadelphia Housing Auth., 350 F.3d 338, 346 (3d Cir. 2003).

Co., 905 F.2d 42, 46 (3d Cir. 1990). Recognizing that other courts have "deviated from this test in favor of a determination as to whether there is any 'substantial conflict,' regardless of whether it concerns primary or non-primary issues . . .,"[4] the Third Circuit has concluded that Indianapolis compels an actual dispute on a principal issue in the case. Id. (citing Continental Airlines Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1523 (9th Cir. 1987)).

The Third Circuit has emphasized that how the parties determine their alignment cannot vest the district court with jurisdiction. Employers Ins. of Wausau, 905 F.2d at 45. Although the reviewing court should consider the pleadings, the court has a duty to "'look beyond the pleadings and arrange the parties according to their sides in the dispute.'" Id. (quoting Indianapolis, 314 U.S. at 69) (internal quotation omitted). Since deciding Indianapolis, the Supreme Court has explained that courts are "'to determine the issue of antagonism on the face of the pleading and by the nature of the controversy.'" Employers Ins. of Wausau, 905 F.2d at 46 (quoting Smith v. Sperling, 354 U.S. 91, 96 (1957)). While a court may consider subsequent pleadings and proceedings in a case to ascertain the parties' respective positions, a court should only examine them if they "'shed light on the facts as they existed at the outset of the litigation and on the actual interests of the parties.'" Id. (quoting American Motorists Ins. Co. v. Trane Co., 657 F.2d 146, 151 n.3 (7th Cir. 1981)).

Here, there is no dispute that the "principal purpose" test applies to this Court's realignment analysis. The County Defendants contend that the principal dispute is between State National and North River against the County Defendants, as the insured. The County Defendants reason that both insurance companies seek to avoid their coverage obligations owned to the County Defendants. Indeed, they contend that both State National and North River rely on similar language contained in their respective policies to deny coverage for the Brown lawsuit. Accordingly, the County Defendants argue that State National and North River are not adverse to one another, and should be realigned together.

In opposition to realignment, State National acknowledges that the suit's principal purpose is seeking a declaration that no liability coverage is owed to the County Defendants. However, State National argues that the Court must examine the parties' collision of interests together with the primary purpose of the suit. State National argues that, to the extent there is any coverage, it would exist solely under the North River occurrence based policy because the "occurrence" in the Brown lawsuit took place when the North River insurance policy was in effect. Alternatively, State National contends that each of the multiple separate incidents of sexual harassment sustained by Brown was an "occurrence." According to State National, each "occurrence" triggered the County Defendants'

---

[4] In contrast, the Second Circuit and the Seventh Circuit have adopted the "substantial controversy test." See Maryland Casualty Co. v. W.R. Grace and Co., 23 F.3d 617, 621-24 (2d Cir. 1994); American Motorists Ins. Co. v. Trane Co., 657 F.2d 146, 149-51 (7th Cir. 1981). The "substantial controversy test" focuses on whether there is any actual and substantial conflict between the opposing parties. If such a substantial conflict exists, regardless of whether the conflict is the primary dispute, the court will not realign the parties. See Maryland Casualty, 23 F.3d at 622-23.

obligation to satisfy a self-insured retention ("SIR").  Under such a "continuous trigger theory," North River would be obligated to provide coverage.

Applying the "principal purpose" test adopted by the Third Circuit, this Court finds that the present alignment of the parties is not proper.  Based on the facts as they existed when the case was first filed in federal court, the objectives and ultimate interests of both State National and North River have been adverse to those of the County Defendants as the insured.  In their respective pleadings, State National and North River seek a declaration that they have no duty to defend or indemnify the County Defendants under their respective policies. (State National's Compl., Count I, ¶¶ 80-81; North River's Ans., ¶ 23).  State National and North River reiterate these same positions in their previously filed motions to dismiss.

Furthermore, State National's argument that its interests are adverse to North River simply because both insurers seek to avoid liability coverage and point the finger at the other one only reinforces the determination that both insurers are adverse to the County Defendants.  In Wausau, the Third Circuit emphasized:

> It will be necessary to ascertain whether the disputes among the insurers are, as a practical matter, merely subsidiary issues to a more fundamental dispute between the parties with respect to the coverage of these types of policies over the types of claims asserted against [] [the insured].

905 F.2d at 46-47.  See, e.g., Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc., 753 F. Supp. 160, 163-64 (E.D. Pa. 1990) (applying the principal purpose test, the court noted, "[e]ven as to the basic question of subject matter jurisdiction, which *Indianapolis* hinges on a realistic appraisal of ultimate interests, all the insurers have aligned themselves against the insured. . . .  Apportionment relates to the allocation of total liability owed to the insured.").

Finally, application of the "continuous trigger theory," as urged by State National, does not compel a different conclusion.  It is undisputed that Brown alleged numerous sexual harassment acts in her lawsuit.  Thus, even if each injury triggered a separate SIR, as detailed above, State National's ultimate interests are still at odds with those of the County Defendants.

Accordingly, this Court finds that it is compelled to realign North River as a co-plaintiff with State National, thereby destroying complete diversity.  As a result, the Court lacks subject matter jurisdiction.  The Court sua sponte respectfully recommends that the action be dismissed.

### B.    Motion for Abstention

The County Defendants next argue for abstention on two grounds: (1) this declaratory judgment action cannot be resolved given unsettled issues of state law; and (2) public policy and judicial practicality warrant resolution of this declaratory judgment action in state court.  State

National counters that the abstention doctrine does not apply because this case can be resolved under well-established New Jersey law and declining to exercise jurisdiction would not be efficient at this stage of litigation.

Even if this Court were to find that the parties are properly aligned, this Court would abstain from reaching the merits of this declaratory judgment action because the relevant state law is unclear. "The Supreme Court has long held that federal courts should not abstain in diversity cases simply because state law is unclear." Empire Fire & Marine Ins. Co. v. Bennett, 2006 WL 932176, *1 (D.N.J. Apr. 10, 2006). Yet, a district court may abstain in certain circumstances. See id. (citing Louisiana Power and Light Co. v. City of Thibodaux, 360 U.S. 25 (1959) (finding that abstention was proper due to the "special and peculiar nature" of eminent domain proceedings)).

"The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, provides a remedy that may be used by the federal courts in appropriate circumstances." State Auto Ins. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001). Under the Act, a district court is charged with exercising its discretion to adjudicate declaratory judgment actions. Id. (citing 28 U.S.C. § 2201(a)). See Brillhard v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942). Following the reasoning of the Fourth Circuit, the Third Circuit has stated that "'Congress has afforded federal courts a freedom not present in ordinary diversity suits to consider the state interest in having the state courts determine questions of state law [in declaratory judgment actions].'" Summy, 234 F.3d at 135 (quoting Mitcheson v. Harris, 952 F.2d 235, 238 (4th Cir. 1992)). Accordingly, the Third Circuit has determined that "where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions." Id.

As detailed above, this declaratory judgment revolves around the insurance coverage obligations of State National and North River. Recently, applying Third Circuit law, Chief Judge Brown recently enunciated the factors relevant to determining the appropriateness of hearing a declaratory judgment action involving insurance coverage issues:

> First, there is '[a] general policy of restraint when the same issues are pending in state court.' . . . . Second, there is [a]n inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.' . . . . Third, there is the general policy of the '[a]voidance of duplicative litigation.'

Bennett, 2006 WL 932176 at *3 (quoting Summy, 234 F.3d at 134). Judge Brown further emphasized that neither Third Circuit nor Supreme Court precedent "make the existence of parallel state proceedings a condition precedent for declining jurisdiction." Id. See Brillhart, 316 U.S. at 495; Summy, 234 F.3d at 134-35.

Here, the County Defendants specifically contend that New Jersey law remains unsettled as to defining discrimination exclusions of the applicable policies; the application of the continuous

trigger theory in employment litigation (i.e., whether each sexual harassment injury triggered a separate SIR); and what constitutes an "occurrence" in the employment law context. State National asserts that these legal issues were definitively resolved by a state court trial judge in an oral bench opinion in General Security Nat'l Ins. Co. V. North River Ins. Co., Nos. MRS-L-2792-07, MRS-L-2868-07 (N.J. Law Div. Mar. 31, 2009).

General Security involved insurance coverage for underlying work place harassment where pornography was viewed on separate occasions. The Court considered whether the environmental tort "continuous trigger theory" which considers each separate injury an "occurrence" applies to insurance policies for sexual harassment. The court held that it does not. (Syed Ahmad Cert., Exh. 6 at 50-54). In addition, the court found that the policy in effect at the time the plaintiff employee was first subjected to unlawful conduct was obligated to provide coverage. (Id.)

Notably, the General Security ruling is not precedential, and currently on appeal in the Appellate Division. Thus, that case does not represent a settled area of the law on whether the continuous trigger theory applies to the insurance policies, such as here, in the employment law context. Equally important, the parties cite to no New Jersey case specifically addressing the application of a discrimination exclusion in an insurance policy in the employment law context.

Here, although the Brown lawsuit has settled, the issues revolving around the continuous trigger theory and application of a discrimination exclusion in the employment law context remain unsettled in the New Jersey courts. This Court should not speculate on how the New Jersey appellate courts will decide such issues. Accordingly, the Court respectfully recommends that the District Court exercise its discretion to decline jurisdiction over State National's declaratory judgment action on abstention grounds and dismiss the Second Amended Complaint without prejudice.

### III. CONCLUSION

For the reasons set forth above, this Court recommends that the motion to remand be **DENIED**, that the Second Amended Complaint be **DISMISSED** sua sponte for lack of subject matter jurisdiction, and, alternatively, that the motion for abstention be **GRANTED**.

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc:   Clerk
      Hon. Susan D. Wigenton, U.S.D.J.
      All Parties
      File